# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MIDWEST CRANE AND RIGGING, INC.,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> **Defendant.** ) <br> _____) | **CIVIL ACTION** <br><br> **No. 10-2137-KHV** |

## MEMORANDUM AND ORDER

Midwest Crane and Rigging, Inc. filed suit for the refund of penalties and interest which the Internal Revenue Service ("IRS") assessed and collected. This matter is before the Court on the United States' Motion To Dismiss (Doc. #7) filed June 10, 2010. For reasons stated below, defendant's motion is sustained.

## Standards For Motions To Dismiss Under Rule 12(b)(1)

The Court may only exercise jurisdiction when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee County Bd. of County Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3). Plaintiff bears the burden of showing that jurisdiction is proper, see id., and he must demonstrate that the case should not be dismissed. See Jensen v. Johnson County Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take two forms: facial attacks on the complaint or factual attacks on the accuracy of the allegations in the complaint. See Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Defendant's motion

falls within the latter category. If a party attacks the factual accuracy of the complaint, the Tenth Circuit has set out the following standard:

> [A] party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

Holt, 46 F.3d at 1003 (citations omitted).

## **Factual Background**

Plaintiff's complaint, supplemented by the exhibits which the parties have submitted, alleges the following facts:

The Internal Revenue Code imposes a penalty for the "knowing sale or use of dyed diesel fuel for a use which is not taxable." 26 U.S.C. § 6715. Since May of 2007, the IRS has cited plaintiff for at least 13 violations related to dyed fuel usage. After an informal appeals conference, the IRS dismissed all but five citations. Under Section 6715, the IRS proposed a penalty of $17,000 for the five remaining citations.[1] In response, on March 13, 2009, plaintiff filed an appeal with the IRS Kansas City Appeals Office of the five citations. In a written brief, plaintiff asked the IRS not to assess any penalty and to dismiss all pending citations.

On March 19, 2009, the IRS held a formal appeals hearing. On April 2, 2009, the IRS sustained the penalty determinations. On April 8, 2009, plaintiff paid the assessed penalties of $17,000.

---

[1] The IRS proposed to impose penalties as follows: $1,000 for May 2007; $4,000 for December 2007; $3,000 for May 2008; $4,000 for July 2008 and $5,000 for September 2008.

On March 9, 2010, plaintiff filed suit against the United States. Defendant asks the Court to dismiss plaintiff's complaint for lack of subject matter jurisdiction because plaintiff did not exhaust administrative remedies by filing an administrative claim for refund. On June 28, 2010, after defendant filed its motion to dismiss, plaintiff filed with the IRS a Form 843 (Claim for Refund and Request for Abatement).

## **Analysis**

The United States argues that the Court lacks subject matter jurisdiction because it has not waived sovereign immunity for plaintiff's claim. Sovereign immunity generally bars suits against the United States unless the government has expressly waived its immunity. See United States v. Dalm, 494 U.S. 596, 607 (1990); Nat'l Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1245-46 (10th Cir. 1989). A party suing the United States, its agencies or officers, must allege both a basis for the court's jurisdiction and a specific statute containing a waiver of the government's immunity from suit. Thomas v. Pierce, 662 F. Supp. 519, 523 (D. Kan. 1987). Any waiver of sovereign immunity must be "unequivocally expressed in statutory text," and courts must strictly construe any such waiver in favor of the United States. Lane v. Pena, 518 U.S. 187, 192 (1996); Shaw v. United States, 213 F.3d 545, 548 (10th Cir. 2000).

Plaintiff alleges that this Court has jurisdiction under 28 U.S.C. § 1346(a), which permits civil suits against the United States for recovery of taxes "erroneously or illegally assessed or collected." The right to bring a tax refund claim in federal court is contingent upon the taxpayer satisfying the conditions set forth in Section 7422(a) of the Internal Revenue Code. 26 U.S.C. § 7422(a); see Dalm, 494 U.S. at 600, 610-11 n.6 (Section 7422(a) expressly conditions district court authority to hear refund suit upon filing of claim for refund); see also United States v. Clintwood Elkhorn Mining Co.,

553 U.S. 1, 4 (2008) (taxpayer seeking refund must first comply with tax refund scheme established in Code).

Section 7422(a) of the Internal Revenue Code provides as follows:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary . . .

26 U.S.C. § 7422(a). Accordingly, before filing a refund suit in federal court, plaintiff must have (1) fully paid the challenged assessment, Flora v. United States, 357 U.S. 63, 75-76 (1958); Ardalan v. United States, 748 F.2d 1411, 1413 (10th Cir. 1984), and (2) duly filed an administrative claim for refund with the IRS. See Clintwood Elkhorn, 553 U.S. at 4 (before filing suit for tax refund, taxpayer must comply with tax refund scheme established in Code); Dalm, 494 U.S. at 609-10 (interpreting 26 U.S.C. §§ 6511(a) and 7422(a) to require taxpayer to file gift tax refund claim with IRS before filing action in federal court). In addition, the IRS must have denied the claim or six months must have passed without an IRS response. 26 U.S.C. § 6532(a)(1).

Here, defendant argues that it has not waived its sovereign immunity because plaintiff did not file an administrative refund claim before filing suit. Plaintiff apparently maintains that it filed a refund claim by contesting the proposed penalty assessment. Initially, plaintiff has not identified any document which included its "claim for refund." Plaintiff's written brief before the IRS appeals office does not satisfy the formal requirements for a "claim for refund" under Treasury regulations.[2]

---

[2] See Treas. Reg. § 301.6404-2(b)(1) (1986) (refund claim must include statement of grounds and facts which must be verified by written declaration that it is made under penalties of perjury; claim which does not comply with this paragraph will not be considered for any purpose as claim for refund or credit); Treas. Reg. § 301.6402-2(c) (all claims for refunds shall be made on
(continued...)

In addition, plaintiff did not duly file any such "claim" because at that time, plaintiff had not made a payment for which it sought a refund.[3]

In the alternative, plaintiff argues that it submitted an "informal claim for refund" which fairly apprised the IRS of the nature of the claim and its desire for a refund. Under the informal claim doctrine, an informal claim is considered sufficient if it is filed within the statutory period, puts the IRS on notice that the taxpayer believes an erroneous tax "has been assessed," and describes the tax and year with sufficient particularity to allow the IRS to investigate. PALA, Inc. Employees Profit Sharing Plan & Trust Agreement v. United States, 234 F.3d 873, 877 (5th Cir. 2000); Triple C Transp., Inc. v. United States, No. 92-4136-R, 1993 WL 188921, at *1 (D. Kan. May 24, 1993). Plaintiff again relies on its written brief and arguments during the course of the IRS pre-assessment appeals conference. Even if plaintiff's briefing and/or oral arguments could be viewed as an informal claim, however, plaintiff has not shown how such a claim could be characterized as one for a "refund." As explained above, when plaintiff filed its brief with the IRS appeals office, it had not

---

[2](...continued)
Form 843); 26 C.F.R. § 601.103 (providing that "[a]fter payment of the tax" a taxpayer may, within the applicable period of limitations, contest assessment by filing claim for refund with district director).

[3] See Minor v. United States, 294 Fed. Appx. 295, 296 (9th Cir. 2008) (before suit, taxpayer must first pay assessments in full and file claim for refund with IRS); Ackerman v. United States, 643 F. Supp.2d 140, 146 (D.D.C. 2009) (common sense dictates that person cannot request "refund" when entity to which she makes request does not have her money); Canterna v. U.S. Dep't of Treasury, 2003 WL 22753566, at *4 (W.D. Pa. Oct. 1, 2003) (claim for refund presupposes that tax and interest have been paid); Malkin v. United States, 3 F. Supp.2d 493, 498 (D.N.J. 1998) (claim for refund not duly filed because plaintiff had not paid her liability until after filing her administrative claim); Nelson v. United States, 727 F. Supp. 1357, 1358 (D. Nev. 1989) (until entire tax paid, claim could not be duly filed); Tichman v. United States, 1979 WL 1388, at *1 (S.D.N.Y. June 5, 1979) (no valid claim for refund possible until after payment of tax in question; claim for refund before payment of tax not "duly filed").

made a payment for which it sought a refund. Plaintiff's pre-assessment arguments before the IRS do not constitute informal claims for refund. See, e.g., Martin v. I.R.S., 1986 WL 9220, at *2 (N.D. Ind. Mar. 19, 1986) (taxpayer letter to IRS and form setting forth legal basis of claim not "informal claim for refund" because taxpayer submitted both documents before paying tax), aff'd, 833 F.2d 655 (7th Cir. 1987); Hollie v. Comm'r, 73 T.C. 1198, 1214 (1980) (taxpayer protest letter to IRS regarding proposed, but not-yet-assessed, tax deficiency failed to satisfy "most basic requirement" of refund claim because it did not refer to IRS collection of funds and contained no explicit request for refund).

Finally, under the doctrine of primary jurisdiction, plaintiff asks the Court to stay this case to allow the IRS to make a final determination on its recently-filed claim for refund. The doctrine of primary jurisdiction is "specifically applicable to claims properly cognizable in court that contain some issue within the special competence of an administrative agency." Reiter v. Cooper, 507 U.S. 258, 268 (1993). The doctrine of primary jurisdiction, however, assumes that a court otherwise has subject matter jurisdiction over a claim. See TON Servs., Inc. v. Qwest Corp., 493 F.3d 1225, 1238 (10th Cir. 2007). The doctrine of primary jurisdiction is distinct from the concept of exhaustion, which prevents a federal court from exercising jurisdiction over a claim until all administrative remedies have been pursued. See id. To the extent that plaintiff asks the Court to stay the case for efficiency purposes, the Court notes that as a general rule, if the terms of a statute bar a suit, it must be dismissed. See Hallstrom v. Tillamook County, 493 U.S. 20, 31 (1989). The interest in orderly administration of tax refund claims is best served if the Court adheres to the straightforward statutory command. Cf. McNeil v. United States, 508 U.S. 106, 112 (1993) (exhaustion of FTCA claims). The Court therefore declines to stay the case until after plaintiff can exhaust its administrative remedy.

**IT IS THEREFORE ORDERED** that the United States' Motion To Dismiss (Doc. #7) filed June 10, 2010 be and hereby is **SUSTAINED**.

Dated this 6th day of August, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
